*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRENDAN KREFT,

       Plaintiff-Appellee,

v

TREY MICHAEL RIDGWAY and JAMES LEE
RIDGWAY,

       Defendants-Appellants.

UNPUBLISHED
August 31, 2023

No. 361178
Oakland Circuit Court
LC No. 2020-182592-NI

Before: O'BRIEN, P.J., and CAVANAGH and MARKEY, JJ.

MARKEY, J. (*dissenting*).

Because I conclude that the trial court properly granted plaintiff's motion for judgment notwithstanding the verdict (JNOV), I respectfully dissent. In my view, the majority effectively ignores the pronouncement in *McCormick v Carrier*, 487 Mich 180, 203; 795 NW2d 517 (2010), that MCL 500.3135(5) "does not create an express temporal requirement as to how long an impairment must last in order to have an effect on the person's general ability to live his or her normal life." (Quotation marks omitted.)

We review de novo a trial court's decision on a motion for JNOV. *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016). With respect to motions for JNOV, the evidence and all legitimate inferences are examined in a light most favorable to the nonmoving party. *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003). A motion for JNOV should be granted only if the evidence viewed in this light fails to establish a claim or establishes a claim as a matter of law. See *id*. If reasonable jurors could have honestly reached different conclusions, we cannot interfere with the jury's verdict, which must be allowed to stand. *Zantel Marketing Agency v Whitesell Corp*, 265 Mich App 559, 568; 696 NW2d 735 (2005). "Further, this Court recognizes the unique opportunity of the jury and the trial judge to observe witnesses and the fact-finder's responsibility to determine the credibility and weight of the testimony." *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 491; 668 NW2d 402 (2003).

There can be no reasonable dispute that plaintiff suffered an objectively manifested impairment of an important body function. MCL 500.3135(5); *McCormick*, 487 Mich at 215. The fight in this litigation concerned whether the impairment affected plaintiff's general ability to lead his normal life. *Id.* The testimony of plaintiff and his parents established absent any evidence to the contrary that for a short period of time after plaintiff returned home from the hospital, he needed assistance from his family with dressing, showering, sitting down in and getting out of chairs, and entering and exiting vehicles. Plaintiff could not navigate stairs or carry items of any significant weight, and he used a wheelchair and wore a back brace. This evidence, even when viewed in a light most favorable to defendants, clearly and overwhelmingly demonstrated that for a limited period of time, plaintiff's general ability to lead his normal life was affected. He needed assistance with some of the basic functions of life. Furthermore, the record showed without dispute that baseball was an integral part of plaintiff's life and that the injuries from the accident precluded him from playing baseball in the summer of 2018.

The fact that the impact was short-lived may limit the amount of damages, but it does not support a determination that the impairment did not affect plaintiff's general ability to lead his normal life. *McCormick* makes clear that MCL 500.3135(5) does not have a durational or temporal requirement. *McCormick*, 487 Mich at 203.

In sum, I conclude that the trial court did not err by granting the motion for JNOV and ordering a trial on the issue of damages. Accordingly, I respectfully dissent.

/s/ Jane E. Markey